FILED & JUDGMENT ENTERED
Steven T. Salata

Mar 11 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| VICTORIA LEIGH SPROUSE, a/k/a ) | |
| VICTORIA L. SPROUSE, a/k/a ) | Case No. 09-31054 |
| VICKY SPROUSE, ) | (Chapter 7) |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| WAYNE SIGMON, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 11-03088 |
| ) | |
| CORNERSTONE HOME LENDING, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Specialized Loan Servicing, LLC, Terwin

Mortgage Trust 2005-18 ALT Asset-Backed Certificates, Series 2005-18 ALT, U.S Bank as

1

Trustee for Terwin Mortgage Trust 2005-18 ALT Asset-Backed Certificates, Series 2005-18 ALT, Terwin Mortgage Trust 206-4SL Asset-Backed Certificates, Series 2006-4SL, Bank of NY, as Indenture Trustee, on behalf of the Holders of the Terwin Mortgage Trust 206-4SL Asset-Backed Certificates, Series 2006-4SL, and Mortgage Electronic Registration Systems, Inc.'s (collectively the "Defendants") motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, for Summary Judgment of all claims asserted by Plaintiff against Defendants (the "Motion").  The Court having reviewed the pleadings, depositions and exhibits, as well as the briefs submitted in support of and in opposition to the Motion, and all other matters of record, and having heard argument of counsel, is of the opinion that there is no genuine issue as to any material fact on all claims alleged against Defendants in Plaintiff's Complaint, that Defendants are entitled to judgment as a matter of law, that Defendants' Motion for Summary Judgment should be granted, and that Summary Judgment should be entered in favor of Defendants and against Plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, as set out below.

The Court hereby finds that on October 31, 2005, the Debtor executed a promissory note in the face amount of $536,300.00, which was secured by a Deed of Trust recorded on November 4, 2005 at Book 2274, Page 1046, Brunswick County, North Carolina Registry (the "First Deed of Trust").  The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee for lender" and the "beneficiary under this Security Instrument." On October 20, 2009, an Assignment was recorded at Book 2988, Page 1091, Brunswick County, North Carolina Registry.  The First Assignment is an assignment to Defendant U.S. Bank.

On December 28, 2005, the Debtor executed a home equity line of credit and promissory note in an amount not to exceed $363,700.00, which was secured by a Deed of Trust recorded on December 30, 2005 at Book 2307, Page 1297, Brunswick County, North Carolina Registry (the "Second Deed of Trust").  The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee for lender" and the "beneficiary under this Security Instrument."  On October 29, 2009, an Assignment was recorded at Book 2988, Page 0147, Brunswick County, North Carolina Registry.  The Second Assignment is an assignment to Defendant Bank of NY.

The basis of the claims in this case arise from the Plaintiff's attempt to collaterally attack the First and Second Assignments, as well as the transfer of the aforementioned notes and deeds of trust, to Defendants U.S. Bank and Bank of NY with regard to certain Pooling and Servicing Agreements dated December 1, 2005, and March 31, 2006 (the "First PSA" and the "Second PSA", respectively).  Specifically, Plaintiff contends in his Complaint that:

1. Defendants have failed to properly transfer the notes in "true sales" pursuant to the terms of the PSAs;

2. By recording the First and Second Assignment post-petition, Defendants have attempted to unlawfully secure property in violation of Section 362(a)(3) of the Bankruptcy Code;

3. The First and Second Assignments were not properly executed as the signatories were not before the stated notary and were not authorized by MERS to sign the First and second Assignments;

4. MERS generally does not have authority to assign the Notes or Deeds of Trust; and

3

5. The Defendants, based upon the above, do not have a claim against the estate of the Debtor, secured or otherwise.

Based upon these allegations Plaintiff asserts the following claims against the Defendants in this action[1]:

1. Second Claim for Relief – Liens of Securitization Defendants Void pursuant to 11 U.S.C. 506(d);

2. Third Claim for Relief - Trustee as Lien Creditor and as Successor to Certain Creditors and Purchasers;

3. Fourth Claim for Relief – The Post-Petition Assignments Violate the Automatic Stay;

4. Fifth Claim for Relief – Assignments Void as Violation of the Automatic Stay;

5. Sixth Claim for Relief – Assignments as Voidable Post-Petition Transfers; and

6. Seventh Claim for Relief – Assignments Void.

In the Second, Third, and Seventh Claims for Relief, Plaintiff challenges the assignments as false, fraudulent, void, and without legal effect. However, Plaintiff lacks standing to assert these challenges to the validity of the assignments.

"[T]here is ample authority to support the proposition that "a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed. Appx. 97, 102 (6th Cir. Mich. 2010); see also *Perino v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 135896, 11-16 (E.D. Mich. Sept. 23, 2013) (dismissing a similar attack against the assignment of a mortgage through the MERS

---

[1] The Ninth Claim for Relief seeks relief in the form of a Free and Clear Sale with liens transferring to proceeds. By Order entered July 20, 2011 [Doc. No. 73], the Court allowed the sale of certain property, with liens transferring to proceeds, subject to the adjudication of the claims in this case.

4

system, and explaining that "in this case Plaintiffs allege no facts that indicate that the assignment may in some way subject Plaintiffs to double liability."); *Wolf v. Fannie Mae*, 512 Fed. Appx. 336, 342 (4th Cir. Va. 2013); *Yuille v. American Home Mortg. Services, Inc.,* 483 F. App'x 132, 135 (6th Cir. 2012) ("Defendants presented evidence that MERS assigned the mortgage to Deutsche, as trustee for the GSR Trust. We agree with the district court that any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, … and that Yuille, as a stranger to the assignment, lacked standing to challenge its validity") (citations omitted); *Stack v. BAC Home Loans Servicing, LP,* No. 11-13746, 2012 U.S. Dist. LEXIS 124399, 2012 WL 3779186, at *5 (E.D. Mich. Aug. 31, 2012) (holding that "Plaintiffs, who not parties to the assignment, lack standing to challenge the validity of the assignment between MERS and BANA" where "no viable claim has been advanced that Plaintiffs might be subject to double liability on this debt"). Hence the only circumstances under which a debtor would have standing to challenge assignments would be upon a showing of prejudice, i.e. that she faces the potential for double liability if the assignment stands. *See Livonia Props. Holdings, LLC* v. *12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97 (6th Cir. 2010). Here, Plaintiff is a stranger to the assignments, and has failed to show—or or even allege—exposure to double liability, and therefore lacks standing to challenge the assignments.

Along these same lines, Plaintiff lacks standing to challenge the assignments on the grounds that the PSA has been violated. As the District Court for the Middle District of North Carolina recently explained:

> A party must have standing to challenge or enforce provisions of a contract. To have standing, "the plaintiff must be in privity of contract with the defendant or be a third party beneficiary to enforce the contract."

5

> … Other courts are consistent [in] holding that debtors are not third-party beneficiaries of a PSA: [A] judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement, i.e., the PSA. Thus, Plaintiff's claims fail to the extent they are based on the validity of a mortgage securitization or a violation of the PSA.

*McGee v. Countrywide Bank FSB*, 2013 U.S. Dist. LEXIS 32965, 8-10 (M.D.N.C. Mar. 11, 2013) (citations omitted); *see also Kain v. Bank of New York Mellon (In re Kain)*, 2012 Bankr. LEXIS 1406, 29-30 (Bankr. D.S.C. Mar. 30, 2012) ("debtors, who are not parties to or third party beneficiaries of a PSA, lack standing to challenge the validity of or noncompliance with terms of a PSA").

Finally, courts have consistently held that a debtor lacks standing to challenge assignments based on the purportedly fraudulent signatures on those assignments. Confronted with similar arguments regarding so-called "robo-signing," the District Court for the Southern District of California recently explained:

> Plaintiffs' robo-signing allegations fail because Plaintiffs lack standing to challenge the alleged fraudulent transfers because they were not parties to the Assignment, nor were they the intended receipts of the Assignment. Countless courts have concurred in this result, finding that where a plaintiff alleges that a document is void due to robo-signing, yet does not contest the validity of the underlying debt, and is not a party to the assignment, the plaintiff does not have standing to contest the alleged fraudulent transfer.

*Maynard v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 130800, 26-27 (S.D. Cal. Sept. 11, 2013) (citations omitted); *see also Tate v. BAC Home Loan Servicing, LP,* No. 10-13257, 2011 U.S. Dist. LEXIS 101268, 2011 WL 3957554, at *4-5 (E.D. Mich. Aug. 5, 2011) (finding that borrowers, as third parties to the assignment of their mortgage, had no standing to assert a claim

that the assignor lacked signing authority or to challenge in any way the alleged invalidity of the assignment).

Because Plaintiff is a stranger to the assignments, and has not asserted any viable claim of a risk of double-liability or similar prejudice, Plaintiff lacks standing to challenge the assignments of the Notes and Deeds of Trust on any of the grounds asserted in the Complaint. Therefore, Defendant is entitled to judgment as a matter of law on those claims.

In addition, the assertion that the use of MERS somehow voids the assignments, the Deeds and Trust, and Defendant's liens (Second, Third, and Seventh Claims) has been squarely rejected in North Carolina. The District Court for the Eastern District of North Carolina recently struck down a similar challenge based on the fact that the borrower, by signing the Deed of Trust, accepted the use of MERS, and also because use of MERS comports with North Carolina law. *Joy v. Merscorp, Inc.*, 2012 U.S. Dist. LEXIS 187282, 33-46 (E.D.N.C. May 15, 2012), *adopted in part by* 935 F. Supp. 2d 848 (E.D.N.C. 2013) (citations omitted) (emphasis added). Plaintiff cannot now assert that the assignments are void (Seventh Claim), that Defendants' liens are void pursuant to 11 U.S.C. § 506(d) (Second Claim), or that the rights of the Trustee are superior to that of Defendants (Third Claim) based upon an attack on the use of MERS.

Finally, Plaintiff asserts that the assignments violate the automatic stay, rendering them void, and also entitling Plaintiff to recover costs, attorneys fees, and punitive damages under 11 U.S.C. § 362(k) (Fourth and Fifth Claims). Plaintiff further asserts that the assignments are voidable as post-petition transfers pursuant to 11 U.S.C. § 549, and that Plaintiff is entitled to recover the property for the benefit of the estate (Sixth Claim).

11 U.S.C. §362(a)(4) provides that the filing of a petition in bankruptcy operates as a stay, applicable to all entities of any act to create, perfect, or enforce any lien against property of

the estate. Plaintiff's claim that the assignment and/or recording of the assignment is an "act to create, perfect, or enforce any lien against property of the estate" is unsupported based on the plain language of §362. An assignment does not create a lien; rather, it is the original execution of the deed of trust that creates the lien and the original recording that perfects the lien. Neither an assignment nor the recording of an assignment constitutes an enforcement of the lien, which could only be enforced through a foreclosure. At most, an assignment would only give the assignee the right to enforce the lien or indebtedness. "[T]he automatic stay provisions of the Bankruptcy Code do not prohibit a creditor of a debtor from transferring any interest or claim it might have against the debtor's bankruptcy estate to a third party. Such a transfer merely substitutes the party that holds the interest or claim against the debtor's bankruptcy estate, and such transfer does not serve to increase or decrease the interest or claim the party asserts against the debtor's bankruptcy estate." *In re Georgia Steel, Inc.*, 71 B.R. 903, 909 (Bankr. M.D. Ga. 1987).

As the Bankruptcy Court for the Southern District of Georgia explained with regard to a similar claim involving a transfer through use of MERS:

> When Debtors granted a deed to secure debt to MERS, they made an absolute conveyance of their legal title to the Property, reserving the right to have the Property reconveyed to them upon the payment of the Note. Any post-petition transfer of the Security Deed did not violate the automatic stay of 11 U.S.C. § 362. Because Debtors' only interests in the Property were the right of possession and the right to have the Security Deed reconveyed upon repayment, they had no interest in the Security Deed itself at the time of any post-petition transfer.[…] The post-petition transfers did not violate the automatic stay.

*Drake v. Citizens Bank (In re Corley),* 447 B.R. 375, 385 (Bankr. S.D. Ga. 2011) (citations omitted); *Sanchez v. Aurora Loan Servs., LLC (In re Sanchez)*, 2011 Bankr. LEXIS 5602, 21

8

(Bankr. E.D. Cal. Dec. 15, 2011) ("The recordation of the assignment does not violate the automatic stay").

Plaintiff's Sixth Claim for relief, seeking to void the assignments as post-petition transfers, also fails for the same reasons. Disposing of a similar claim, the court in *In re Guillaume,* 2011 Bankr. LEXIS 4485 (Bankr. E.D.N.Y. Nov. 16, 2011) succinctly explained:

> The Debtor asserts that "the Assignment of Mortgage to BAC, dated March 14, 2011, occurred after" the petition date and was therefore a violation of Section 549 of the Bankruptcy Code "as a voidable transfer because the assignment was an attempt to perfect a lien after the commencement of the case." Section 549 allows the trustee to "avoid a transfer of property of the estate." 11 U.S.C. § 549. The assignment of the mortgage is not a violation of Section 549 as the mortgage and note are not property of the estate. The lien was perfected when the mortgage was recorded, and therefore Section 549 does not apply.

*Id.* at 1-2; *see also Sanchez, supra,* at 19-20 (holding that contention that post-petition assignment did not violate 11 U S C § 549 as a prohibited post-petition transfer of property because "a transfer of pre-petition perfected collateral between creditors is not an action against the debtor, property of the debtor, property of the estate, or a transfer of property of the estate"). Here, the assignments were not acts against Debtor or a transfer of property in Debtor's estate. Therefore, as a matter of law, the transfers are not avoidable, and Plaintiff's Sixth Claim for relief against Defendants fails.

It is, therefore, ORDERED that Defendants' Motion for Summary Judgment is allowed, and Plaintiff's claims against Defendants asserted in the Complaint are hereby dismissed with prejudice. This Order does not affect the pending claims against the Debtor Defendant, which are the subject of a pending motion to approve settlement.

This Order has been signed                                                             United States Bankruptcy Court
electronically.  The judge's
signature and court's seal

appear at the top of the Order.